IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FLORENCE R. ROBERTS; et al.                                          PLAINTIFFS

vs.                                                           No. 1:05CV38-D-D

FFP ADVISORY SERVICES, INC.; et al.                                  DEFENDANTS

<u>OPINION GRANTING IN PART MOTION FOR CLASS CERTIFICATION</u>

Presently before the court is the Plaintiffs' motion for Rule 23 Class Certification of their remaining claims. Upon due consideration, the court finds that the motion should be granted in part and denied in part.

*A. Factual Background[1]*

The Plaintiffs filed this putative nationwide class action on behalf of a group of 663 individuals who reside in 38 States, including Mississippi and Missouri, and who purchased an investment product (named the "Insured Money Management Program") designed to protect the investors from losses in their invested principal for a period of five years. The Plaintiffs assert that the Defendants misrepresented the nature and financial viability of the investment product, and fraudulently concealed and misrepresented material facts regarding the insurance backing the investment product.

The Plaintiffs settled their claims with two of the original Defendants (First Financial Planners, Inc. and FFP Securities, Inc.) and the court certified a class for the limited purpose of settlement with those two Defendants. That settlement has been completed. Class discovery as to

---

[1]When ruling upon a motion for class certification, the merits of the case are not examined and the substantive allegations contained in the plaintiff's complaint are taken as true. <u>Eisen v. Carlisle and Jacquelin</u>, 417 U.S. 156, 177-78, 94 S.Ct. 2140, 2152-53, 40 L. Ed. 2d 732 (1974); <u>In re Catfish Antitrust Litigation</u>, 826 F. Supp. 1019, 1033 (N.D. Miss. 1993).

the Plaintiffs' remaining claims is now complete and the Plaintiffs have moved for class certification as to their remaining claims against the remaining Defendants. For the reasons set forth in this opinion, the court finds that the Plaintiffs' motion should be granted in part and denied in part.

## B. Discussion

Before delving into the merits of the Plaintiffs' motion, the court notes that the Plaintiffs and one Defendant, FFP Advisory Services, Inc. (FFP), have agreed to grant the Plaintiffs' motion as to Count III (Breach of Contract) of the complaint against FFP and to certify a class as to that count; for their part, the Plaintiffs in turn agree to withdraw their request for class certification as to Counts II and IV of the complaint as those counts pertain to FFP and thus do not seek class certification on those counts against FFP. Accordingly, a class shall be certified without objection as to Count III of the complaint insofar as that Count applies to the Defendant FFP and the Plaintiffs' request to certify a class as to the remaining counts pending against FFP is withdrawn. The remaining Defendants oppose class certification as to the counts pending against them.

### 1. Federal Rule of Civil Procedure 23(b) and Certification under Rule 23(b)(3)

The Plaintiffs in the case *sub judice* seek certification pursuant to Rule 23(b)(3); it is pursuant to this subsection that the court finds the Plaintiffs' motion to certify this cause as a class action must be denied.

Rule 23(b)(3) provides that, in order to maintain a class action, a party must demonstrate that common questions of fact or law predominate over individual issues and that a class action is the superior method for maintaining the suit. Fed. R. Civ. P. 23(b)(3). Although examining the merits of the case at this stage is very premature, "[in] order to make the findings required to certify a class action under Rule 23(b)(3), one must initially identify the substantive law issues which will control

the outcome of the litigation." State of Alabama v. Blue Bird Body Co., 573 F.2d 309, 316 (5th Cir. 1978).

Assuming, *arguendo*, that the prerequisites set out in Rule 23(a) are met in this case and that common questions of fact or law predominate over individual issues in this case, the second element under Rule 23(b)(3) requires that the party seeking class certification demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). For the reasons set forth below, the court finds that Plaintiffs have failed to adequately demonstrate superiority. As such, the court shall not certify the Plaintiffs' proffered class other than as to Count III of the complaint insofar as that count applies to the Defendant FFP.

In this case, the Plaintiffs are advancing a novel theory of recovery based on a new agency/fraud theory that has not yet been specifically adopted by any State, including Mississippi and Missouri. The Plaintiffs concede that this novel theory forms the nexus of their claims against all Defendants in this case. The claims are based on, and the Plaintiffs assert that the claims arise under, the Restatement (Second) of Torts, specifically Sections 531, 533 and 522 thereof, and Missouri law. To sum up the claims succinctly, the Plaintiffs allege that the Defendants IGIC Management Company, Bernard L. Koyen, and Dorinco Reinsurance Company made material misrepresentations to the Defendant FFP, and that based on those misrepresentations, the Plaintiffs (who had no direct contact with IGIC, Koyen or Dorinco) need not show that any such misrepresentation was directly communicated to them or that they individually relied upon any such misrepresentation in deciding to invest in the subject investment funds. While the court makes no determination today concerning the viability of the Plaintiffs' allegations or their theories of recovery, it is clear that such a theory is novel under the laws of any State, including Missouri and

3

Mississippi, and has not yet been specifically adopted in any jurisdiction.

The Fifth Circuit has held that certification of class actions that are based on novel theories of recovery are disfavored; specifically, the Fifth Circuit has held that "[i]n the context of an immature tort, any savings in judicial resources is speculative, and any imagined savings would be overwhelmed by the procedural problems that certification of [such a] cause of action brings with it" and that "certification of an immature tort brings with it unique problems that may consume more judicial resources than certification will save." Castano v. American Tobacco Co., 84 F.3d 734, 749 (5th Cir. 1996); Young v. Ray Brandt Dodge, Inc., 176 F.R.D. 230, 234 (E.D. La. 1997). Because a novel theory or immature tort is undisputedly central to the Plaintiffs' claims in this matter, and the Plaintiffs seek to combine various sections of the Restatement along with State law in such a manner that has heretofore never been specifically adopted by any jurisdiction, the court finds that a class action is not superior to other available methods for the fair and efficient adjudication of the controversy this case presents.

In addition, the court notes that a class action is generally viewed as a superior method when a majority of the class members' expected recoveries, if pursued on an individual basis, would be zero or less after attorneys' fees and other costs are taken into account. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 617, 117 S.Ct. 2231, 2246, 138 L. Ed. 2d 689 (1997). Here, the majority of the class members have suffered alleged damages in excess of $5,000 per class member (with some alleging claims in the tens of thousands of dollars), which appears to the court to be a level of damages sufficient to pursue individual actions for damages. See Amchem, 521 U.S. at 617. Certainly, given the level of damages suffered by most class members in this action, the court cannot hold that a majority of the class members' expected recoveries would be zero or less.

Accordingly, the court finds that a class action is not the superior means by which this cause should be adjudicated and the Plaintiffs' motion for class certification shall be denied other than as previously noted as to Count III of the complaint insofar as that count applies to the Defendant FFP Advisory.

A separate order in accordance with this opinion shall issue this day.

This the 25th day of February 2008.

/s/ Glen H. Davidson
Senior Judge