IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

FLORENCE R. ROBERTS, JAMES A. CAMP,
THOMAS GLEN LEWIS INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATION                                                              PLAINTIFFS

VS.                                                                              No. 1:05CV38-D-D

FIRST FINANCIAL PLANNERS, INC.;
FFP ADVISORY SERVICES, INC;
FFP SECURITIES, INC; IGIC MANAGEMENT
COMPANY, INC.; BERNARD L. "BUD" KOYEN;
DORINCO REINSURANCE COMPANY; and
JOHN DOES 1-10                                                                   DEFENDANTS

## **OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO SEVER INDIVIDUAL CLAIMS AGAINST DORINCO REINSURANCE COMPANY, IGIC MANAGEMENT COMPANY, INC., & BERNARD L. "BUD" KOYEN**

Before the Court is Plaintiffs', Florence R. Roberts, James A. Camp, and Thomas Glen Lewis, Motion to Sever their individual claims against Defendants Dorinco Reinsurance Company, IGIC Management Company, Inc., and Bernard L. "Bud" Koyen in the above-cited case. Upon due consideration, the Court finds that the Motion to Sever should be granted.

### *I. Facts and Procedural Background*

Florence R. Roberts, James A. Camp, individually and on behalf of all others similarly situated, filed a complaint against First Financial Planners, Inc, FFP Advisory Services, Inc., FFP Securities, Inc, IGIC Management Company, Inc, Bernard L. "Bud" Koyen, Dorinco Reinsurance Company, and John Does 1-10. The complaint alleges that the claims of the Plaintiffs arise out of the Plaintiffs' participation in an "insured risk management program" and include common "questions of law and fact."

On February 21, 2008, the court certified a Class, in accordance with Rule 23 of the Federal Rules of Civil Procedure, as to Count III of the Complaint against Defendant, FFP Advisory Services, Inc and denied class certification as to the remaining three Defendants, Dorinco, IGIC and Koyen. Mississippi Plaintiffs Florence R. Roberts, James A. Camp and Thomas Glen Lewis were named as Class representatives.

The Class claim against Defendant, FFP Advisory Services, Inc is a contract claim seeking damages for breach of contract. The Plaintiffs' individual claims against Dorinco, IGIC and Koyen are fraud and tort claims. Since the court denied class certification as to those three Defendants, the individual claims of Roberts, Camp and Lewis against Dorinco, IGIC and Koyen have to proceed on an individual basis. Plaintiffs, Roberts, Camp and Lewis therefore filed the present motion arguing that severance is necessary to promote convenience and judicial economy, ease discovery and trial preparation and to expedite the trial.

The Defendant, FFP Advisory Services, Inc, responded alleging that judicial economy will not be served by severance of the causes of action because of its pending cross-claims against Koyen and IGIC for negligence and negligent misrepresentation. Koyen and IGIC have failed to respond to or defend Defendant, FFP Advisory Services, Inc.'s cross-claim. FFP Advisory Services also claims that fact may develop which would support the same allegations against Dorinco and therefore severance as to Dorinco is premature.

The Defendant, Dorinco does not object to Plaintiff's Motion to Sever. Defendants, Koyen and IGIC have not responded to the Motion.

## *II. Legal Analysis*

Federal Rule of Civil Procedure 21 provides, in relevant part, "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action

and on such terms as are just. Any claim against a party may be severed and proceeded with separately." The courts within this Circuit have held that it is within the court's discretion whether to grant a motion to sever. Smith v. Coldwell Banker Real Estate Corp., 2007 WL 2701541 (N.D.Miss. Sep 11, 2007) (*quoting* Bolling v. Mississippi Paper Co., 86 F.R.D. 6, 7 (N.D. Miss. 1979)).

In the present case, Plaintiff's claims for relief do arise from one transaction or occurrence or a series of transactions or occurrences. However, this case involves the three Plaintiffs' individual claims for damages based on fraud and tort claims against Defendants, Dorinco, Koyen and IGIC and the same three Plaintiffs, serving as Class Representatives, claims for contract claims against FFP Advisory Services, Inc. The only common thread between the three named Plaintiffs and the Class are the contract claims against FFP Advisory Services, Inc. Prosecuting the individual claims along with the class action claims is inappropriate and will do nothing more than complicate the class action litigation. Taylor v. CSX Transp., Inc., et.al., 2007 WL 120154 (N.D.Ohio; January 31, 2007); Washington v. CSC Credit Services, Inc., 194 F.R.D. 244, 249 (E.D.La.2000).

Plaintiffs' also claim that severance would be efficient and would serve the interests of judicial economy. Defendant, FFP Advisory Services, Inc. claims that it would be inefficient to sever the claims because they have cross-claims filed against Koyen and IGIC[1] and that discovery could reveal that FFP Advisory Services, Inc also has a claim against Dorinco. Maintaining one suit involving both individual and Class claims based on the potential discovery of a claim against another party does not outweigh the court's interest in judicial economy.

---

[1]Defendants, Koyen and IGIC, have failed to respond to FFP Advisory Services, Inc's cross-claims. FFP Advisory Services, Inc filed motions for Entry of Default. On Aug. 26, 2008 and Aug. 27, 2008 there was a clerk's entry of default as to Koyen and IGIC, respectively.

## *Conclusion*

The Court finds that it is in the interest of judicial efficiency and ease of the parties that the claims of the individual Plaintiffs be severed from the claims of the Plaintiffs serving as Class representatives.

Therefore, it is hereby ORDERED that the Plaintiffs' Motion to Sever is hereby GRANTED. Accordingly, the Clerk's Office is directed to sever the plaintiff's individual claims from the Class claims, assign a case number to individual Plaintiffs Roberts, Camp and Lewis, and assign the new case to a district judge and magistrate judge.

SO ORDERED, this the 18th day of September, 2008.

_____
SENIOR JUDGE